UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LaQUENTIN FRANKLIN ] | |
|     Plaintiff, ] | |
| ] | No. 3:12-cv-0930 |
| v. ] | (No. 3:12-mc-0055) |
| ] | Judge Trauger |
| SUMNER COUNTY JAIL, et al. ] | |
|     Defendants. ] | |

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Sumner County Jail in Gallatin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Sumner County Jail and Sonya Troutt, seeking injunctive relief and damages.

The plaintiff's Statement of Facts reads in its entirety as follows :

> I tried to get my kuffa and prayer oil
> as part of my religion. I was told that
> I could not have it cause it could be
> used to hide contraband and also have
> been having problems with receiving my
> food the way that I should during Ramadan,
> its been a couple of times that we did not
> get our food until one in the morning.

Docket Entry No.1 at pg.5.

*Pro se* pleadings are subject to liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). Nevertheless, liberal construction does not require the Court to create a claim which the plaintiff has not spelled out in his complaint. <u>Wells v. Brown</u>, 891 F.2d 591,

594 (6th Cir. 1989). A plaintiff is required to plead more than bare legal conclusions. Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. Wells, *supra*. The plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

In this instance, the plaintiff never mentions the defendants in his Statement of Facts. The individual who allegedly denied the plaintiff his kuffa and prayer oil is not identified by the plaintiff. Nor has the plaintiff identified the individual who allegedly interfered with his meals during Ramadan. The Court has been left to guess as to whether the denial of kuffa and prayer oil was a matter of policy or an individual's arbitrary action. Consequently, the plaintiff has failed to state a claim for the violation of a constitutional right upon which relief can be granted. This action, therefore, is hereby DISMISSED. 28 U.S.C. § 1915(e)(2).

Entry of this order shall constitute the judgment in this action.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge